IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBY J. PACE,                       }
                                    }
    Plaintiff,                      }
                                    }
                                    }   CIVIL ACTION NO.
v.                                  }
                                    }   99-AR-2286-S
THE BOARD OF TRUSTEES OF THE        }
UNIVERSITY OF ALABAMA, d/b/a        }
UAB and d/b/a Mary Lewis            }
Convalescent Center, Shirley        }
Young and Linda Perry,              }
                                    }
    Defendants.                     }

**MEMORANDUM OPINION**

The court has for consideration the motion to dismiss filed on November 2, 1999, by defendants in the above-entitled cause and orally argued on November 12, 1999. A court reporter was present during argument because of the status of plaintiff, Ruby J. Pace ("Ms. Pace"), as a *pro se* litigant. The court has deemed defendants' motion as having been refiled to the amended complaint that was filed by plaintiff without leave of court on November 10, 1999.

The court is necessarily tolerant of the pleading shortcomings of a *pro se* plaintiff, although it is less tolerant of one like Ms. Pace, who has expressly refused to accept the lawyer appointed for

1



her by the court, and who points out to the court that she has attended law school. Ms. Pace strongly insists on her ability to represent herself. The court will therefore hold her to the standard she sets for herself.

The court will not dismiss Ms. Pace's action as the sanction suggested by defendants in response to the fact that Ms. Pace did not appear, either in person or by counsel, at the abortive status and scheduling conference scheduled for October 29, 1999. Ms. Pace was not personally informed of that conference. Her appointed lawyer had been rejected, although that lawyer had not then been granted leave to withdraw.

Because Ms. Pace's original *pro se* application was received by the clerk on August 27, 1999, it is deemed filed as of that date. The complaint was thus "filed" on the 90th day after Ms. Pace received her right-to-sue on May 29, 1999. Therefore, it is not time barred on the basis of the 90-day limitation.

Ms. Pace does not invoke 42 U.S.C. § 1981. She is therefore not barred by the two-year statute of limitations that would bar a § 1981 claim. Defendants erroneously raise the two-year limitation period. Ms. Pace not only could not have invoked § 1981 because of the two-year statute of limitations but because she makes no claim of race discrimination. Section 1981 is not available for her claim of sex discrimination.

Ms. Pace has an insurmountable statute of limitations problem

as a result of the fact that she took longer than 180 days from her discharge on July 31, 1997, before she filed her charge with the EEOC on September 30, 1998. The strange, enigmatic and unexplained addendum, attached by some unnamed and unknown person to the charge stamped "received" by the EEOC on September 30, 1998, says "Original Charge Received this Office on November 7, 1997." This bold, self-serving addendum is not enough to inform either this court or the defendants of what, if anything, was **actually** received by the EEOC on November 7, 1997. The only signed EEOC charge displayed to this court is quite clearly stamped "Received Sept. 30, 1998," the date upon which it was executed by Ms. Pace. *Pro se* or not, the burden is on a plaintiff to allege **facts** sufficient to toll a statute of limitations if the time lapse otherwise constitutes a bar. The court is unprepared and unwilling to conduct its own investigation of the timeliness of the EEOC charge. Ms. Pace is barred by the 180-day statute of limitations.

This facial time bar is, or may be, rendered moot by another insurmountable defect in Ms. Pace's case. On August 27, 1999, when Judge Clemon allowed Ms. Pace to proceed as a pauper, he expressly added the following contingency: "but an amended complaint, complying with the Federal Rules of Civil Procedure... shall be filed with the court within 30 days from the date hereof (unless extended by order of this court), failing which this cause will be dismissed for want of prosecution." Thereafter, on September 2,

3

1999, an extension was granted by Magistrate Judge Ott, who simultaneously appointed a lawyer for plaintiff and allowed 30 days from that date for plaintiff to file an amended complaint complying with the Federal Rules of Civil Procedure. On September 23, 1999, Ms. Pace expressly refused to accept the appointed lawyer. Instead, she filed a *pro se* purported amended complaint, which paragraph 5 of defendants' present Rule 12(b)(6) motion correctly points out "still fails to state a claim upon which relief can be granted."

The best that can be said for Ms. Pace's attempt at amending her complaint to comply with Judge Clemon's and with Magistrate Judge Ott's orders is that it is now possible to comprehend that Ms. Pace feels that she was discriminated against because of her sex in violation of Title VII. Her only **employer**, however, was Board of Trustees of the University of Alabama, d/b/a UAB and d/b/a Mary Lewis Convalescent Center ("Board of Trustees"). The other named defendants have no possible liability to plaintiff under Title VII, because they were never Ms. Pace's employers. Their motion to dismiss is due to be granted for that reason alone.

The court-furnished form filled out by Ms. Pace on August 27, 1999, provided, *inter alia*:

> "Have you filed with the Equal Employment Opportunity Commission (EEOC) a Charge relating to such practices?"

Ms. Pace checked "yes" in response to this question, but **she failed, understandably, to attach the copy of her EEOC charge that**

4

**she was expressly directed to attach**. If she had attached the charge her complaint would have been facially frivolous. Instead, she alleged, *inter alia*:

> I was denied Job promotion and told by my present director I need to go to a big company and get lost. I was physically sexual [sic] harassed and there were unfair labor practices.

If Ms. Pace were not barred by the 180-days that passed between her termination (the final employer action she complains of), and the filing of her EEOC charge, she fails to allege the dates upon which any of the other acts she complains of occurred. For aught appearing, the alleged denial of a promotion took place only shortly after Ms. Pace's initial employment on April 24, 1989. The 180-day time bar is only emphasized and enhanced by Ms. Pace's failure to provide basic information in her complaint. For instance, this court has no jurisdiction over undescribed, as well as undated, "unfair labor practices."

When Ms. Pace insists that she is competent to represent herself and refuses the services a court-appointed lawyer, the court is justified in requiring a higher standard of performance from her than from the average *pro se* litigant. Ms. Pace falls so short as a pleader that the single potential defendant, Board of Trustees, should not be called upon to defend a mushy set of charges that were not even brought to its attention through the EEOC charge until much longer than 180 days after the last act of alleged discrimination.

5

For the foregoing separate and several reasons, an order of dismissal will be entered.

DONE this 16th day of November, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE